**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14 C 1694 |
| | ) | Criminal Case No. 09 CR 278 |
| **WILLIAM BRANDT**, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Just short of a year ago William Brandt ("Brandt") filed a pro se 28 U.S.C. § 2255[1] motion seeking to vacate the sentence that this Court had imposed two years earlier after Brandt (then represented by counsel, of course) pleaded guilty to the two-count information in the criminal case referred to in the caption of this opinion. This Court promptly responded with a March 13, 2014 memorandum order ("Order") that identified the obvious possibility of a limitations defense to that motion, but that also inquired of the government as to its position on that issue because the statute of limitations is not a jurisdictional bar but rather a potentially waiveable affirmative defense. When the Assistant United States Attorney assigned to the case promptly filed a statement that asserted the statute of limitations as a defense and moved for the denial of Brandt's Section 2255 motion, this Court granted the United States' motion and denied the Section 2255 motion.

---

[1] All further references to Title 28's provisions will simply take the form "Section --," omitting the prefatory "28 U.S.C. §."

Now Brandt -- having waited for nearly another full year since that denial -- has filed a self-prepared document captioned "TRAVERSE TO THE STATEMENT OF THE UNITED STATES REGARDING THE ASSERTION OF THE STATUTE OF LIMITATIONS." This time he urges "that this Court never acquired subject matter jurisdiction to impose the sentence imposed against Brandt in this case" (Traverse at 1) because, he says, the original information to which he pleaded guilty involved a government allegation that he "was convicted of mail and honest services fraud and the conspiracy to commit such mail and honest services fraud" (id.). Because that asserted "traverse" is really a second Section 2255 motion, two independent statutory grounds call for its dismissal at the outset.

First, Brandt's original Section 2255 motion (to which this District Court's protrocol, for purely administrative reasons, assigned the civil case number set out in the caption of this opinion, as well as the 09 CR 278 criminal case number) expressly advanced the same argument as to the necessity of limiting "honest services fraud" to situations involving bribery or kickbacks as Brandt's current motion, albeit with slightly (but not substantively) different phraseology -- see Ground Three of Brandt's original March 6, 2014 Section 2255 motion, occupying pages 13 through 16 of that motion. That being so, Section 2244(b)(1), made applicable to a second Section 2255 motion by Section 2255(h), serves as a flat-out bar to the reassertion of that ground in the current motion, thus calling for its dismissal.

Suppose, though, that the current motion were to be viewed through a more generous lens as somehow distinguishable from Ground Three in Brandt's original Section 2255 motion. Even on that premise Brandt has still pleaded himself out of court, for Section 2255(h) incorporates 28 U.S.C. § 2244 by reference in requiring that Brandt's attempt to file this second motion must first

be submitted to a panel of our Court of Appeals "for an order authorizing the district court to consider the application" (Section 2244(b)(2) and (3)).

But with all of that said, this Court would be remiss if it did not apprise the Court of Appeals of several other factors that also appear to undercut Brandt's current effort in substantive terms. Here are such added matters that this Court has noted (though the list may not be exhaustive):

1. Count One of the two-count information to which Brandt pleaded guilty charged a "Conspiracy To Commit An Offense Against the United States." That offense was wire fraud, charged as a violation of 18 U.S.C. § 1343 ("Section 1343") -- see Count One ¶ 2. Not a word is said in that count about a deprivation of "honest services," and Section 1343 itself speaks only of "any scheme or artifice to defraud, <u>or for obtaining money or property</u> by means of false or fraudulent pretenses, representations, or promises," with no reference at all to a scheme to deprive of "honest services."

2. Count Two of the information, which asserted a direct charge of Section 1343 wire fraud, does speak of devising "a scheme and artifice to defraud the United States Department of Veterans of money, property, and its intangible right to his [Brandt's] honest services." That latter reference, however, was not at all a focus either of the government's position in its sentencing memorandum or of the sentencing memorandum filed by Brandt's counsel. Instead both sides placed their primary emphasis on the amount of financial loss involved in the offense because that amount

dominated the sentencing guideline calculation. It would not be an exaggeration to characterize the extraordinarily brief "honest services" reference in that count as mere surplusage that had no bearing at all on the substance of Brandt's conviction.

3. That is further fortified by the sentence imposed by this Court, which imposed a custodial term of 60 months on each of the two counts -- one of which made no mention of "honest services" and the other of which mentioned that term only tangentially -- to run concurrently. Thus even if Brandt's contention as to the nonviability of an "honest-services"-based charge had any traction, he has suffered no resulting harm because his sentence would have been no less without that charge.

In sum, Brandt has once again chosen to enter into a Section 2255 contest in which one swinging strike may render the movant "out," but he has managed to accumulate at least two and perhaps three such swinging strikes with his current motion. One or more of the flaws identified in this opinion calls or call for the denial of that current motion, and this Court so orders. If Brandt hereafter tenders an attempted second Section 2255 motion to the proper court -- the Court of Appeals -- for consideration, that court is of course free to consider any of the matters addressed in this opinion.

_____
Milton I. Shadur
Senior United States District Judge

Date: February 18, 2015